the best case for oral argument is United States v. Fernandez. The court- By the way, thank you very much. Thank you. Your Honor, I'm remote, can you hear me? Yes, we can hear you. Yep, hang on just a minute, we'll get ourselves settled and I will let you know when to proceed, okay? Okay. Thank you. All right, so number 2010-17, United States v. Fernandez, Mr. Kulp. Thank you, Your Honor. May it please the court, Robert Kulp, assigned counsel for Christian Fernandez, and thank you for letting me argue remotely. I intend to focus on point one in appellant's briefs relating to Stetson's remarks and rejecting defendant's argument for leniency on the ground of a certain deportation. The district court's rejection of this argument fosters the appearance that it was based in part on his alienage or ethnicity. Key language is as follows, no one is going to cry crocodile tears over Mr. Fernandez being sent back to Mexico. We really don't want Mr. Fernandez here, and speaking on behalf of my fellow citizens, we will be happy to see him go when the time comes. Appellant does not and need not argue that Judge Bracetti bore him any actual animus. On the contrary, the issue is whether these remarks create a sufficient risk that a reasonable observer might infer. However, incorrectly, that appellant's ethnicity and alien status played a role in the sentence. That's the long case. This discussion was initiated by your client seeking leniency based on his alien status. Is that correct? That's correct, Your Honor. And how does that inform our assessment of this situation where the judge did not initiate any discussion, but rather was explaining why he wasn't persuaded to grant leniency based on alien status? Well, certainly it's the manner in which the issue I'm raising came up, but I realize Your Honor's asking something more than that. The fact that this was a defense plea for leniency, I don't think, takes this court's case law out of consideration that there should be no appearance of basis of consideration of alienage or ethnic status. I'll point out that in the common case- Well, we consider this in the context of a below guideline sentence. With the judge explaining why he wasn't prepared to view alienage as a mitigating factor. So I'm not sure that we have a context here that suggests that alienage was treated as an aggravating or punitive factor. Do you want to explain why that's not a correct way to view it? We're not saying that he was making it an aggravating or punitive factor, but we're saying that his remarks for why he was rejecting leniency went too far afield and in violation of the Lung and Cava cases. Okay. The judge certainly could have rejected the argument and said, I don't think that you're, based on your criminal record, you deserve any leniency or something to that, along those lines. And also, just to be clear, I don't, or we don't object to the judge comparing Mr. Fernandez to hypothetical other aliens in this situation who may be being deported on sort of technical grounds. Our issue is the comments about no one is going to cry crocodile tears and we don't really want Mr. Fernandez here and so forth. That's where we say it crossed the line. The defense counsel was urging the court to give a minimum sentence. There was a mandatory minimum of 15 years already in place here. And he was urging the court to sentence at the mandatory minimum. And the court instead gave a 17 year sentence, which it was entitled to do so. But our claim is that the rejection of that little window there, that difference between 17 and 15, which defense counsel argued was based in part on this theory. That the court made remarks that, again, we're not saying Judge Persetti bore him any actual animus, not at all. But we're saying that the remarks give the reasonable appearance under the Cava and Lung cases. So if- Based on inappropriate considerations. If we were to agree with you, are you seeking a de novo resentencing or should we address here? You'd raise a 924C issue as well, a stacking issue. Is that appropriate for the district court to do on remand or should we address that here? I think in these cases the court does engage in de novo resentencing. I've gone back and looked at these cases and I think that's the way it is. The court usually sends these cases that have been decided along these lines back to a different judge. We're actually leaving that to your Honor's discretion if you agree with us on the merits. We don't necessarily think that Judge Persetti is incapable of handling this. Despite the issue we're raising, we leave that up to the court. But in getting back to your Honor's specific question, I think that there's a de novo remand on this point. Although we would like this confusion of the stacking issue to be clarified regardless of who would handle any remand. I think since the first issue would result in de novo resentencing, the second issue would necessarily have to be decided by this court. If I understood your question correctly. Yes, yeah. Isn't the stacking issue waived? I'm sorry. Isn't the stacking issue waived by your failure to raise it to Judge Persetti? It's waived in the sense that a defendant waives substantive objections to an indictment to which he's pled guilty to. No, no, to the sentence. He's waived a challenge to the sentence on the grounds of stacking. Or is there something- Are you talking about the appeal waiver, your Honor? I apologize. Yes, so he did undertake an appeal waiver. And I think you know our argument as to why that doesn't apply. You said that you want the stacking issue addressed. And I'm asking whether a stacking objection was raised in the district court. Yes, it was raised and not ruled upon. What happened is that when the superseding indictment came down, council argued in court that the stacking was improper. And the court didn't rule on it, invited papers. Some papers were submitted, but then there was a guilty plea without the issue ever being ruled upon. He only pled guilty to the conspiracy and to the 1-924 count, right? That's right. Yes, so I think the question is more that somehow the other 924 counts entered into the judge's consideration in terms of the sentence that he gave. And was there an argument in front of the judge that he shouldn't consider the additional conduct that was contained within the 924 counts? The way it came out at sentencing, your honor, was that the defense council essentially complained about the government sort of forcing the sentencing structure in this case. And the government came back and said, well, we showed your client some leniency. Yeah, I mean seriously, he had several substantive drug crimes that he was charged with that some of the 924s were relevant to, weren't they? I mean, this wasn't one weapon, this was a series of weapons and other activity. They were discreet acts, were they not? Yes. Yes, so I mean- So there's no merit to the claim, is there? Right, I mean, A, I have a hard time on the appeal waiver itself, but B, I mean, I don't see how Judge Bracetti was somehow, it was argued to him that somehow the way he was thinking about the case was improper because of the fact that this fellow pled, this guy didn't plead to the whole indictment. He pled to a conspiracy and a 924, one 924. The judge is entitled to consider other facts that are relevant, but he didn't, the judge didn't do a colloquy about, well, you used this gun on a number of other times or things like that, did he? I'm having a little trouble hearing you, your honor, I apologize, but- There's nothing that Bracetti said, that Judge Bracetti said that implied that he was upping the ante, which was 24 months below the guidelines range, by the way, the sentence that he gave. That he was upping the ante because of the other charge conduct for which the defendant had not pled, was there? No, no, not in so many words, your honor. Okay. The point we're making relates more to the government's claim that they showed him some unusual leniency, when in fact what they did was they manipulated the indictments to change an indictment with a 15 year mandatory minimum to one with 30. And we're saying that that's not any kind of grand act on theirs. It's a, to me, it's sort of obvious a way to manipulate a plea. Okay. All right, Mr. Cooper, you have reserved a couple of minute rebuttal. Thank you. We'll hear from the government. May it please the court. My name is Sam Adelsberg and I am an assistant United States attorney in the Southern District of New York. I represent the United States on appeal and I have represented the government in the proceedings below. Appellant raises two issues on appeal. They are without merit and the judgment of the district court should be affirmed. As an initial matter, the government submits that both of these challenges are barred by the appellate waiver and the plea agreement signed by the defendant, which the defendant entered knowingly and voluntarily. Now, given that the applicability of the waiver to the defendant's first argument turns to the merits of the argument, I'll turn straight to the merits at this stage. This court's precedent does not hold that any mention of a defendant's nationality is per se error requiring remand. Rather, the cases look to whether the defendant's alien status played a role in determining the sentence. We look to the appearance also of whether an improper factor affected or could be perceived to have affected the sentencing decision made by the district court. And I think that's what the argument being made here is, that not that Judge Presetti was actually affected in imposing a sentence and responding to the plea for leniency, but that the nature of his comments was such that a reasonable observer might be concerned that Mr. Fernandez's ethnicity and his status played a role in the sentencing decision. What can you tell me about why that's not a legitimate concern? Absolutely, Your Honor. And I think there are three reasons why here Judge Presetti did not cross the line, in even creating the appearance that his sentence itself was based on an impermissible factor. I think the first point I'd make is that in rejecting the defendant's inevitable deportation as a mitigating factor, the district court made no reference to the defendant's ethnicity or nationality other than one mention of his potential deportation to Mexico. Nor did the district court express a goal of deterring other individuals from Mexico or any other country or community coming to the United States and committing crimes. Put simply, the district court did not employ the language that this court has found to warrant remand for people like Leon and Caba, and the government is not aware of any case where remand was required on the basis of comments like these. But wait a minute, he says Mr. Fernandez is not someone that US citizens would want in the United States. No one is going to cry any crocodile tears over who's being sent back to Mexico. That I'm certain. We don't really want him here. I'm speaking on behalf of my fellow citizens. I mean, this is a kind of general comment about people coming from other countries and then committing crimes here, but also about Mr. Fernandez generally. Why wouldn't a reasonable observer be concerned that even though it comes late in the sentencing, that Judge Brissetti might have been motivated by other considerations that are inappropriate for motivation in sentencing? I'm glad you raised that, Your Honor, because while another court and perhaps a member of this panel might have chosen different words to reject this mitigation argument. This court has held that reference to national origin or nationalized status is permissible so long as it does not become the basis for determining the sentence. And that brings me to the second point, which is that far from sentencing Mr. Fernandez on his national origin, the district court made clear that the defendant's alien status was not a factor, aggravating or mitigating. But again, we're not talking about what the actual basis was. We're talking about a reasonable observer's perceptions of the sentencing based on those comments. So I find it difficult to dispel concern about that. Sure, and I think I guess the cases do ask this court to look at the context, the timing, where these comments came in. The defendant, as he is totally entitled to do, was trying to make his alien status a factor here, a factor for leniency. And the district court, again, in words perhaps another court might not have chosen, rejected that notion. He did so by- Based on the seriousness of the crime. That's based on the seriousness, exactly, and that's my third point, Judge Radji, which is the district court may- As a major gun trafficker who sold firearms to people he believes are criminals just like him. And he went on to explain that in those circumstances, no one was going to regret his departure from the country. Exactly, and that's why the context here is important. This was after Judge Rossetti had described the basis for his sentencing, pointing to the fact that he, Mr. Fernandez, led this international drug trafficking and gun trafficking organization. And then turned back afterwards and said, it's his conduct, not his nationality, not his alien status, that I'm focusing on. That's the third point. I think just to go back to the second point quickly, this was mentioned by appellant. The district court made clear here by contrasting Mr. Fernandez with other individuals of alien status who might have a more sympathetic plight. By making that comparison and saying those people, they actually might be, leniency might be appropriate for individuals in that camp. But because of the unique distinctive factors that Mr. Fernandez's case poses, he is someone who I'm not going to advance that kind of leniency for. I think in that part of the sentencing, Judge Rossetti was making clear that alien status is just not something I'm considering here. I'm focusing on Mr. Fernandez and his specific unique characteristics and not his alien status. I think this court, just to underline two cases that I think underscore our position on this is US v. Taracon and US v. Zayas. Both cases where this court has looked to the entire record, looked to the sentencing beyond just the words itself. In Taracon, there was a similar sort of you versus us language that was used. And the court there found that the sentence should be affirmed. And in Zayas as well, the district court there said that he was offended by the fact that the defendant wasn't an illegal alien. And he actually said that the fact that the defendant wasn't an illegal alien weighed heavily in his status. I note in Zayas that we did not consider the standard about the appearance problem. Rather, we looked and revisited the sentencing record and determined whether the sentencing actually was affected by the district court's views on nationality. I was surprised by that, and it's obviously a summary order. But Leung does say that we should consider the perceptions of a reasonable observer. Would you agree that Zayas didn't address that standard? I would agree that Zayas did not include that standard. But I think Leung is actually a case that does go in our favor as well. because Leung is part of this line of cases where in advancing the actual arguments for factors, almost always it comes in the context of deterrence. District court judges have said, I am going to be deterring people from the Haitian community, the Ghanian community. Here, that is not what happened. This was after the reasons for the sentence were actually advanced, and only in response and rejection of a mitigation argument that alien status should actually be put at play. Well, that's why I'm not sure I quite understand your statement that Judge Brissetti was making clear he didn't consider alien status. He was asked to consider alien status. He was asked to consider it as a mitigating factor. The way we sometimes see people who commit a crime, they're deported, and there are circumstances that might make that a very sympathetic circumstance, that they're going to suffer deportation as a result of some crime. Here, Judge Brissetti, as I understand him, was saying that no, this was not a sympathetic situation. Indeed, given the seriousness of his crime, people were not going to be sorry to see him removed. Do you really contend that Judge Brissetti didn't consider his alien status at all? I think I would make a distinction here between certainly in rejecting this argument, this deportation argument, he was considering the alien status. But I think at that point- You have to say that. Absolutely, Your Honor. At that point, the remarks that proceed thereafter, which again, I think perhaps explain the basis for why he was rejecting the argument. He was not saying my sentence is now based on my view of alien statuses more generally. He went, pivoted right back to Mr. Fernandez, comparing him to aliens who might have a more sympathetic plight. Right, so just as a judge would explain in granting mitigation that the crime was not as serious or not as indicative of a concern with recidivism or danger. And give consideration, here he's explaining that the crime doesn't. Is that the government's position, or am I wrong? No, I think that's right, Your Honor. I see my time has elapsed. If Your Honor would like, I could address the stacking issue quickly. Otherwise- Why don't you say a word on the stacking issue? The government would submit that the case law here is clear that waiver provisions are upheld even when a sentence is imposed illegally. Here, there was no impropriety in the indictment, there was no manipulation, and the district court did nothing improper in sentencing Mr. Fernandez accordingly. All right, thank you very much. Thank you. Mr. Kulk, you have a minute of rebuttal. Yep. Sorry about that, I'll be very brief. Opposing counsel mentioned deterrence, and he's right in the sense that Lung, Caba, and several of the other cases in this area do involve statements where the court has vacated. They do involve statements related to deterrence, but there's nothing in the law or the doctrine that restricts this issue of statements about deterrence. The issue is the appearance of a sentence based on alienage or ethnicity or similar considerations. And it's not restricted to deterrence. Well, what's the appearance problem here, given that you sought leniency? The judge is telling you that he's not going to, he isn't persuaded by it. And the reason he isn't persuaded is because the crime is of a nature that, in fact, no one is going to be sorry that your client is being deported. By contrast to cases where there might be some sympathetic reasons for regretting a person's deportation, why is there an appearance problem here? It's, your honor, it's because of those additional words. He didn't just reject the argument based on seriousness of the offense. And again, we don't have a problem with him comparing Mr. Fernandez to other hypothetical defendants in this situation. It's invoking the sort of, we don't want this kind of person here, language. He went a lot further with that, with no one is going to cry crocodile tears, we don't want Mr. Fernandez here. Those kinds of words, your honor. We say that that makes a difference, those words. That conclusion is based on the nature of the crime he committed. It's because he was trafficking guns, it was because he was trafficking drugs, that the court said that no one would regret his departure. Why do you think that there's something impermissible about reaching that conclusion? It's the implication of the US population not liking this kind of person in this country, your honor, that makes a difference. If the judge had confined his remarks to the seriousness of the offense- But liking this kind of person has to be because he's an alien. And instead, the court here explained that it was because of the nature of the crime he committed. Why is the latter not permitted? Your honor, I'm sorry, there was a distortion and I missed the first half of your question. I said that what a judge can't do is suggest that it's the alienage of the person that is the basis for not regretting his departure or whatever. Here, the judge said that it was the nature of the crime. And I'm asking you why a statement, even a forceful one, That links to the nature of the crime rather than the alien status is a problem. I don't think he confined his remarks in that way, your honor. That's our whole argument here is that- Well, we'll certainly consider that. All right, thank you. I apologize for the hearing problems I had, but I thank the court for allowing me to appear remotely. Thank you very much. You're entirely welcome, but we reserve the decision. Thank you very much. Thank you both.